# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CURTIS A. JORDAN,<br>Petitioner, | Case No. 1:17-cv-054 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>Respondent. | **ORDER** |

This pro se habeas corpus action filed pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion to expand the record. (Doc. 14). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

In the motion, petitioner seeks to add twenty-seven documents to the record in this case. The documents include docket sheets, a bill of particulars, letters from his trial counsel, Ohio statutes and Rules, a police incident report and booking sheet related to his criminal conviction, and correspondence with his appellate counsel. (*See* Doc. 14-1). Petitioner also seeks for the Court to order respondent to provide additional items including pretrial transcripts, his trial counsel's motion to withdraw, missing pages from the police incident report attached to the motion, and a complete docket sheet for his Scioto County criminal case and appeal. (*See* Doc. 14 at PageID 352).

Respondent opposes the motion. (Doc. 15). According to respondent, petitioner does not explain how the numerous documents relate to or would further any of the constitutional claims raised in his habeas petition. Respondent further contends that to the extent that petitioner has failed to develop the factual basis for his claims in the state courts, that petitioner fails to meet the requirements of 28 U.S.C. § 2254(e)(2). Respondent has included a copy of the docket

sheets for petitioner's criminal case and appeal, as requested by petitioner. (*See id.* at PageID 411–24).

In response to respondent's opposition, petitioner has specified the purported relevance of each of the documents attached to his motion to expand the record. (*See* Doc. 16). With respect to the documents that he seeks to have produced by respondent, petitioner claims that "each of these documents should have already been a part of the State Court Record" and are relevant to the voluntariness of his guilty plea. (*Id.* at PageID 433).

Petitioner's motion to expand the record (Doc. 14) is **GRANTED** to the extent that petitioner requests that the exhibits attached to his motion be included as part of the record before this Court. However, petitioner is hereby informed that any review by this Court of the merits of grounds for relief that were adjudicated by the state courts will be limited to the state-court record. *See Cullen v. Pinholster*, 563 U.S. 170 (2011).

The Court will **DENY** petitioner's motion to the extent that he asks the Court to order respondent to produce the remaining documents. Unlike the typical civil litigant, a habeas petitioner is not entitled to discovery as a matter of course. *Bracy v. Gramley,* 520 U.S. 899, 904 (1997); *see also Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). Discovery is available only at the discretion of the court and for good cause shown. Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Habeas Rule 6 embodies the principle that a court must provide discovery in a habeas proceeding only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy,* 520 U.S. at 908-09 (quoting *Harris v. Nelson,* 394 U.S. 286, 300 (1969)); *see also Williams v. Bagley,* 380

<mark>2</mark>

F.3d 932, 974 (6th Cir. 2004). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams,* 380 F.3d at 974 (quoting *Stanford,* 266 F.3d at 460).

The undersigned is not persuaded that the requested exhibits are material or otherwise necessary for the adjudication of petitioner's grounds for relief in light of the extensive record already before the Court.

Finally, one of the exhibits submitted by petitioner contains his birthdate and social security number. (*See* Doc. 14-1 at PageID 375). Pursuant to Rule 5.2(a), Fed. R. Civ. P., filing parties shall omit or partially redact personal data identifiers, including birth dates and social security numbers, from all pleadings, documents and exhibits.

The Clerk of Court is hereby **DIRECTED** to SEAL the above exhibit and to REDACT the privacy information from the document submitted by plaintiff for filing with this Court.

The Clerk of Court is further **DIRECTED** to electronically file the redacted version of the exhibit.

**IT IS SO ORDERED.**

Date: 3/20/2018

Karen L. Litkovitz
United States Magistrate Judge